IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES M. RAPER, JR.                                                                                    PLAINTIFF

v.                                         Case No. 4:22-cv-04057

ROSE BRALEY                                                                                           DEFENDANT

**ORDER**

Before the Court is the Report and Recommendation filed April 11, 2023, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 29. Defendant Rose Braley has objected. ECF No. 30. Thus, the matter is ripe for the Court's consideration.

**I. BACKGROUND**

On September 13, 2022, Plaintiff James M. Raper Jr. filed a second amended complaint, which now governs. ECF No. 13. Plaintiff brings the instant action against Defendant, the Head of Commissary at the Southwest Arkansas Community Correction Center, in her official and individual capacities. Specifically, Plaintiff brings an "excessive force, endangerment, conditions of confinement, cruel and unusual punishment, wreckless" claim. In Plaintiff's view, Defendant failed to follow the Centers for Disease Control's (CDC) guidelines and knowingly introduced COVID-19 to inmates after she "continued to come to work and [dispense] comisary [sic] 5 days a week" despite caring for family members who had COVID-19. ECF No. 13, at 5-6. Plaintiff further alleges that Defendant "continued to come maskless to work after she contracted [COVID-19], and gave the three residents who worked for her the fatal disease" and that Defendant "only stopped working after the three residents tested positive." ECF No. 13, at 5-6. Plaintiff claims that he "in turn contracted the disease and got sick from the disease[,] putting [his] life in

jeopardy." ECF No. 13, at 4.

On October 24, 2022, Defendant filed a motion to dismiss for failure to state a claim upon which relief may be granted. ECF No. 16. Defendant notes that when a plaintiff brings an Eighth Amendment claim, he must establish objectively unconstitutional conduct by the defendant (the objective prong), as well as subjective deliberate indifference by the defendant (the subjective prong). The plaintiff must additionally allege a causal link between the defendant's conduct and the alleged unconstitutional deprivation. In Defendant's view, Plaintiff does not allege facts sufficient to satisfy either the objective or subjective prong, nor does Plaintiff allege facts sufficient to establish causation. *See* ECF No. 17, at 6 (explaining that Plaintiff fails to allege key facts establishing causation, such as "when [Defendant] is alleged to have cared for her family, when she then came to work, when the residents she allegedly worked with became ill, and finally when the remainder of the residents allegedly became ill"). On November 3, 2023, Defendant filed a motion requesting that the Court revoke Plaintiff's in forma pauperis (IFP) status. ECF No. 21. Defendant argues that Plaintiff has "received three or more litigation strikes and failed to disclose that he has had three cases dismissed for failure to state a claim in the past six months alone," and therefore, pursuant to 28 U.S.C. § 1915(g), the Court should revoke Plaintiff's IFP status and stay the instant matter until Plaintiff has paid the filing fee in full. ECF No. 22, at 3-4.

Plaintiff opposes both motions. Plaintiff first argues that Defendant is not employed by the State of Arkansas but rather, a private employer who contracts with the State of Arkansas. Thus, Defendant is not entitled to qualified immunity.[1] ECF No. 23, at 2-3. Plaintiff then argues that he has sufficiently alleged that Defendant acted with deliberate indifference. ECF No. 23, at 4-5 (explaining that Defendant "did not leave work until after her commissary workers, who had

---

[1] Although Plaintiff mentions qualified immunity in his response, Defendant did not allege that she is entitled to qualified immunity in her motion to dismiss. Stated simply, Plaintiff raised the issue of qualified immunity *sua sponte*.

2

no choice may I add, were forced to be exposed to Brayley"). Finally, Plaintiff argues that he has sufficiently pled the existence of a causal connection between Defendant's conduct and the spread of COVID-19 among inmates. ECF No. 23, at 6-7 (explaining that Defendant "came to work positive for Covid-19 Delta" and "non-positive inmates, and possible [Arkansas Department of Correction] employees, were infected as put at risk for Braley's actions").

Judge Bryant recommends denying both of Defendant's motions. First, Judge Bryant recommends finding that Plaintiff has not previously incurred three § 1915(g) strikes. Defendant cites to *Raper v. Deen*, an opinion authored by this Court, as the basis for one of Plaintiff's previously incurred strikes. However, Judge Bryant finds that Plaintiff did not incur a strike in *Raper*. Instead, Judge Bryant explains that "Plaintiff's claims [in *Raper*] were dismissed based solely on the grounds the Defendant was immune from suit and the official capacity claims were barred by Eleventh Amendment immunity," "Section 1915(g) does not include dismissals based on immunity bars," and ultimately, *Raper* does not constitute a dismissal "warranting a 1915(g) strike against Plaintiff." ECF No. 29, at 6.

Judge Bryant then proceeds to Defendant's motion to dismiss and recommends that it be denied. Although Plaintiff names several different causes of action in his second amended complaint ("excessive force, endangerment, conditions of confinement, cruel and unusual punishment, wreckless"), Judge Bryant finds that, in essence, Plaintiff brings "one individual capacity claim and one official capacity claim for violation of his Eighth Amendment rights by subjecting him to unconstitutional conditions of confinement." ECF No. 29, at 8. Judge Bryant then lists seven allegations made by Plaintiff before concluding that Plaintiff successfully "state[s] a cognizable condition of confinement claim against Defendant." ECF No. 29, at 10. Judge Bryant finds that "Plaintiff sufficiently alleges Defendant came to work with signs and symptoms of

3

COVID-19, infected three inmates who worked with her, and then 250 resident[s], including Plaintiff, who were all previously negative for COVID-19 contracted illness." ECF No. 29, at 10. This "factual content" is sufficient "for the Court to draw the reasonable inference that Defendant's conduct caused the alleged injury—a COVID-19 outbreak . . . which infected Plaintiff." ECF No. 29, at 11.

Defendant objects to Judge Bryant's Report and Recommendation. Defendant largely reiterates arguments made in support of her pending motions. *Compare* ECF No. 30 *with* ECF Nos. 16, 17, 21, 22. However, Defendant additionally argues that under Eighth Circuit law, a violation of CDC guidelines does not rise to the level of an objectively unconstitutional violation. ECF No. 30, at 3. Defendant further argues that Plaintiff has not sufficiently alleged that Defendant subjectively acted with deliberate indifference because, at most, Defendant's behavior constituted negligence. Finally, any correlation between Defendant's actions and the alleged COVID-19 outbreak are, in Defendant's view, "too tenuous to state a plausible claim for relief." ECF No. 30, at 6.

For the following reasons, the Court overrules Judge Bryant's recommendation regarding Defendant's motion to dismiss, finding that the motion should be granted because Plaintiff has failed to state a claim upon which relief can be granted. Further, while the Court agrees with Judge Bryant's recommendation that Defendant's motion to revoke Plaintiff's IFP status should be denied, the Court declines to reach the merits of that motion and instead finds that it is moot.

## II. DISCUSSION

"The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition." *Bramlett v. Wellpath, LLC*, No. 6:19-cv-6070, 2020 WL 4748049, at *1 (W.D. Ark. Aug. 17, 2020). After

reviewing a magistrate judge's report and recommendations under the appropriate standard of review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). "The Court applies a liberal construction when determining whether *pro se* objections are specific." *Raper v. Maxwell*, No. 4:21-cv-4067, 2022 WL 1978690, at *1 (W.D. Ark. June 6, 2022) (citation omitted). If the prisoner "files timely and specific objections" to the magistrate's report and recommendations, then "the district court makes 'a de novo determination of those portions of the report or specified findings or recommendations to which objection is made.'" *Branch v. Martin*, 886 F.2d 1043, 1045 (8th Cir. 1989) (citation omitted). "When conducting de novo review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Id.* at 1046. Alternatively, if the plaintiff does not timely and specifically object to the report and recommendation, the Court reviews that report and recommendation for clear error. *See Raper*, 2022 WL 1978690, at *2; *see also Thornton v. Walker*, No. 4:22-cv-4114, 2023 WL 3063381, at *1 (W.D. Ark. Apr. 24, 2023) (applying a clear-error standard where plaintiff's objections did not "specifically address any aspect of [the magistrate judge's] analysis or reasoning"); *Engledow v. Comm'r of Soc. Sec.*, No. 20-cv-4, 2021 WL 916925, at *3 (N.D. Iowa Mar. 10, 2021) (explaining that de novo review is appropriate where objections are not "more than . . . conclusory" and are not "accompanied by legal authority and argument in support" (citations omitted)). Here, Defendant's objections are specific enough to trigger de novo review.

"An action fails to state a claim upon which relief can be granted if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'" *Hill v. Payne*, 2023 WL 2923152, at *1 (E.D. Ark. Mar. 20, 2023) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pro se complaint . . . is to be given liberal construction, meaning 'that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Sykes v. Mitcham*, No. 1:22-cv-01049, 2022 WL 17660958, at *2 (W.D. Ark. Sept. 29, 2022) (citation omitted). Nevertheless, pro se plaintiffs are required to "allege sufficient facts to support the claims advanced." *Id.* (citation omitted).

### A. Motion to Dismiss

The Court first considers Defendant's motion to dismiss, as it is dispositive. The Court agrees with Judge Bryant insofar as Judge Bryant finds that Plaintiff alleges an Eighth Amendment conditions of confinement claim against Defendant in her official and individual capacities.[2] Thus, the Court will analyze Plaintiff's second amended complaint and (Defendant's motion to dismiss that complaint) accordingly.

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being. The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." *Todd v. Ross*, No. 4:13-cv-4044, 2013 WL 3800233, at *2 (W.D. Ark. July 22, 2013) (alteration in original) (citation omitted). "A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element." *Id.* at *3. To state a

---

[2]The Supreme Court has noted that exposure to potential illness is properly aggrieved in a conditions-of-confinement claim. *See Helling v. McKinney*, 509 U.S. 25 (1993); *see also Flowers v. Harrell*, 2023 WL 3391405, at *2 (E.D. Ark. May 11, 2023) (relying on *Helling*, 509 U.S. 25).

plausible claim, the plaintiff must allege: "(1) objectively, he suffered a 'sufficiently serious' deprivation that denied him 'the minimal civilized measure of life's necessities' or posed 'a substantial risk of serious harm' to his health or safety; and (2) subjectively, the defendants were 'deliberately indifferent' to the risk of harm caused by the deprivation." *Robertson v. Kelly*, No. 5:18-cv-00152, 2019 WL 1325921, at *2 (E.D. Ark. Mar. 25, 2019) (citation omitted).

The Eighth Circuit, looking to Supreme Court precedent, has defined "deliberate indifference" as being "equivalent to criminal-law recklessness, which is 'more blameworthy and negligence,' yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Schaub v. VonWald*, 638 F.3d 905, 914-15 (8th Cir. 2011) (quoting *Farmer v. Brennan*, 511 U.S. 825, 835, 839-40 (1994)). "An obvious risk of harm justifies an inference that a prison official subjectively disregarded a substantial risk of serious harm to the inmate." *Id.* at 915. This "is an extremely high standard to meet," *Valentine v. Collier*, 978 F.3d 154, 163 (5th Cir. 2020) (citation omitted), and does not encompass mere negligence, *Yeager v. Carrier*, 2022 WL 16942237, at *4 (W.D. Ark. Oct. 24, 2022). Instead, "defendants are deemed deliberately indifferent only if they were aware of facts from which they could have inferred that plaintiffs faced a substantial risk of serious harm and only if they actually drew that inference." *Abdulaziz/Askew v. Payne*, No. 4:20-cv-529, 2020 WL 7083487, at *2 (E.D. Ark. Nov. 2020). In cases where an inmate-plaintiff challenges an employee's response to the exposure or outbreak of COVID-19, federal courts consider whether the defendant's response to that exposure or outbreak was reasonable when conducting the deliberate indifference analysis. *See Wilson v. Williams*, 961 F.3d 829, 940 (6th Cir. 2020) ("The key inquiry is whether the [Bureau of Prisons] 'responded reasonably to [the risk of COVID-19].'" (quoting *Farmer*, 511 U.S. at 844)).

### 1. Official Capacity

First, the Court finds that Plaintiff's official capacity claim should be dismissed for failure to state a claim. An official capacity claim "is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself." *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). Further, a government entity "cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Williams v. Runion*, No. 4:18-cv-4059, 2018 WL 2435420, at *2 (W.D. Ark. May 30, 2018) (citation omitted). Stated simply, a plaintiff's official capacity "claims can only survive a motion to dismiss if he pleads facts that plausibly suggest the existence of an illegal policy or custom." *Thomas v. Dakota Cnty. Law Enforcement Ctr.*, No. 15-2197, 2016 WL 1248674, at *5 (D. Minn. Mar. 29, 2016).

Reviewing Plaintiff's complaint *de novo*, Plaintiff alleges only that Defendant was "not following CDC, ADC guidelines" and "knowingly introduce[d] Covid-19 Delta Variant to non-positive residents." ECF No. 13, at 4. Plaintiff fails to allege that Defendant was acting pursuant to an unconstitutional policy or custom. *See Gorman*, 152 F.3d at 914. Absent any such allegation, Plaintiff's official capacity claim against Defendant should be dismissed. Although Judge Bryant expressly states that Plaintiff brings both an official and an individual capacity claim, he does not distinguish between the two types of claims in his substantive analysis or otherwise consider the applicable, official-capacity standard: the plaintiff must allege the existence of an unconstitutional policy or custom. *See* ECF No. 29, at 8-9. Accordingly, the Court overrules Judge Bryant's

8

recommendation and dismisses Plaintiff's official capacity claim against Defendant.

## 2. Individual Capacity

Turning to Plaintiff's individual capacity claim, the Court again overrules Judge Bryant's recommendation, finding that the claim should be dismissed for failure to state a claim. Judge Bryant recommends finding that the following allegations were sufficient to state a cognizable claim against Defendant: (1) "Defendant continued to come to work while caring for family members with COVID-19"; (2) "Defendant continued to come maskless to work after she contracted COVID-19"; (3) "Defendant gave three residents who worked for her COVID-19"; (4) "Defendant only stopped coming to work after the three residents tested positive"; (5) "all residents had tested negative up to this point and then 250 residents, including Plaintiff, contracted COVID-19"; (6) "the residents had no contact with outsiders other than staff"; and (7) "Defendant failed to wear a mask or take off work when she showed signs and symptoms of COVID-19." ECF No. 29, at 9-10. However, Judge Bryant's analysis is incomplete, as he did not analyze these allegations within the context of the previously discussed objective and subjective prongs. *Cf. Frazier*, 460 F. Supp. 3d at 835 (explaining that the Eighth Circuit "stresses that these objective and subjective components should not be 'collapsed' into one another and remain separate but related inquiries").

In the Court's view, Plaintiff's allegations can be consolidated into three points: Defendant continued to come to work while caring for family members who had contracted COVID-19, Defendant continued to come to work "maskless" after contracting COVID-19, and Defendant stopped coming to work after three residents tested positive. ECF No. 13. Even if the Court *assumes* that Plaintiff has alleged facts sufficient to demonstrate an objective constitutional violation, Plaintiff has not alleged facts sufficient to demonstrate that Defendant acted with

deliberate indifference.

The Court finds *Hill v. Payne* instructive. *See* 2023 WL 2192961, at 8. As is relevant here, the *Hill* plaintiff brought an Eighth Amendment conditions of confinement claim in which he alleged that employees at an Arkansas Division of Correction facility did not follow CDC guidelines, which led to the plaintiff contracting COVID-19. *Id.* at *7 (alleging that the defendants "subjected him to [unconstitutional] conditions of confinement by not properly wearing a mask or gloves to prevent the spread of COVID-19"). The Court found that the plaintiff "failed to state a conditions of confinement claim" because allegations that the defendants did not wear masks or gloves when administering medication was "at most" suggestive of negligence. *Id.* Defendant directs the Court to *Hill* in support of her argument that failure to follow CDC guidelines does not constitute deliberate indifference.

Similarly, here, Plaintiff's allegations suggest that Defendant was, at most, negligent. Plaintiff alleges that Defendant came to work after caring for sick family members, came to work after contracting COVID-19, "would not follow the ADC, CDC, or any Covid-19 guidelines," and "was sent home after [testing] positive. ECF Nos. 13, 23. However, Plaintiff does not allege that Defendant was "aware of facts" from which she could have inferred that her behavior was placing Plaintiff (and other inmates) in "a substantial risk of serious harm," let alone that Defendant "actually drew that inference." *Abdulaziz/Askew*, 2020 WL 7083487, at *2. By Plaintiff's own admission, Defendant left work after inmates tested positive. The Court agrees with Defendant that, "if taken as true, the allegations show that once [Defendant] became aware that the residents tested positive, she immediately stopped coming to work" which is not behavior "suggestive of someone who is acting with criminal recklessness." ECF No. 17, at 5. Instead, this suggests to the Court that upon learning that she was positive, Defendant left the facility to prevent further

10

spread of COVID-19.

Moreover, even assuming that "250 residents, including Plaintiff, contracted COVID-19," the scope of the alleged injury is not pertinent to the Court's deliberate indifference analysis. *See Valentine*, 978 F.3d at 163 (explaining that the deliberate indifference "inquiry concerns [the defendant's] state of mind, not the scope of the injury"); *see also Medina v. Williams*, No. 21-1350, 2022 WL 2714517, at *2 (10th Cir. 2022) ("A response may be reasonable even if 'the harm imposed by COVID-19 on inmates . . . ultimately is not averted.'" (alteration in original) (citation omitted)). For these reasons, the Court overrules Judge Bryant's recommendation and dismisses Plaintiff's individual capacity claim against Defendant.

### B. Motion to Revoke IFP Status

As a final matter, because the Court finds that Plaintiff's claims should be dismissed, Defendant's motion to revoke Plaintiff's IFP status is now moot. *Cf.* 28 U.S.C. § 1915(a)(1) (providing in part that a court "may authorize" the prosecution of an action "without prepayment of fees or security therefor"). Accordingly, the Court adopts Judge Bryant's Report and Recommendation insofar as he recommends denying Defendant's motion to revoke Plaintiff's IFP status, albeit for different reasons.

### III. CONCLUSION

Upon *de novo* review and for the foregoing reasons, the Court adopts Judge Bryant's Report and Recommendation in part, albeit for different reasons.

The Court finds that Defendant's Motion to Dismiss (ECF No. 16) should be and hereby is **GRANTED**.

The Court further finds that Defendant's Motion to Revoke Plaintiff's IFP Status (ECF No. 21) should be and hereby is **DENIED AS MOOT**.

As a final matter, Plaintiff is warned that, in the future, this dismissal may be counted as a

strike for purposes of 28 U.S.C. § 1915(g), and the Clerk of Court is hereby **DIRECTED** to place a § 1915(g) strike flag on the case for future judicial consideration.[3] Finally, pursuant to § 1915(a)(3), any appeal from the instant dismissal would not be taken in good faith.

    **IT IS SO ORDERED**, this 10th day of July, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[3] As stated above, the Court declines to consider whether Plaintiff has already incurred three strikes for the purposes of § 1915, as Defendant's motion to dismiss is dispositive.